1  MALCOLM S. SEGAL - SBN 075481
   JAMES P. MAYO - SBN 169897
2  **SEGAL & KIRBY LLP**
   770 L Street, Suite 1440
3  Sacramento, CA 95814
   Telephone: (916) 441-0828
4  Facsimile: (916) 446-6003
   msegal@segalandkirby.com
5  jmayo@segalandkirby.com

6  JOHN F. HEIL, III, OBA #15904, *pro hac vice pending*
   ROBERT P. FITZ-PATRICK, OBA #14713, *pro hac vice pending*
7  **HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
   320 South Boston Avenue, Suite 200
8  Tulsa, Oklahoma 74103-3706
   Telephone (918) 594-0400
9  Facsimile (918) 594-0505
   jheil@hallestill.com
10 rfitzpatrick@hallestill.com

11 Attorneys for Plaintiff
   ROAD SCIENCE, LLC

12

13              **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE EASTERN DISTRICT OF CALIFORNIA**
14
                        **SACRAMENTO DIVISION**
15

| | |
|---|---|
| 16 ROAD SCIENCE, LLC,<br>a Delaware limited liability company, | CASE NO. |
| 17 Plaintiff, | |
| 18 v. | |
| 19 | |
| 20 TELFER OIL COMPANY d/b/a<br>WINDSOR FUEL COMPANY, a<br>California partnership, TELFER TANK | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 21 LINES, INC., a California corporation,<br>TELFER ENTERPRISES, INC., a | **JURY TRIAL DEMANDED** |
| 22 California corporation, and ASPHALT<br>SERVICE COMPANY, a California | |
| 23 corporation, | |
| 24 Defendants. | |
| 25 | |

26      Plaintiff Road Science, LLC, formerly known as Rhone Midstream Holdings, L.L.C.

27 ("Road Science"), for its claims against Defendants Telfer Oil Company d/b/a Windsor Fuel

28 Company ("Telfer Oil"), Telfer Tank Lines, Inc. ("Telfer Tank Lines"), Telfer Enterprises,

Inc. ("Telfer Enterprises") and Asphalt Service Company ("Asphalt Service"), alleges and states as follows:

**JURISDICTION**

1.      Road Science is a limited liability company, formed under the laws of the State of Delaware, with its principal place of business located in the State of Oklahoma.

2.      Telfer Oil is a general partnership formed under the laws of the State of California, with its principal place of business located in the State of California.

3.      Telfer Tank Lines is a corporation formed under the laws of the State of California, with its principal place of business located in the State of California.  Telfer Tank Lines is a general partner of Telfer Oil.

4.      Telfer Enterprises is a corporation formed under the laws of the State of California, with its principal place of business located in the State of California.  Telfer Enterprises is a general partner of Telfer Oil.

5.      Asphalt Service is a corporation formed under the laws of the State of California, with its principal place of business located in the State of California.  Asphalt Service is a general partner of Telfer Oil.

6.      This Court may properly exercise jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 in that this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

7.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(c), 1400 and Rule 3-120(d) of the Local Rules of the United States District Court for the Eastern District of California because Telfer Oil, Telfer Tank Lines, Telfer Enterprises and Asphalt Service routinely and systematically do business in this District, have sufficient contacts to subject them to personal jurisdiction in this District, a substantial part of the events giving rise to the claims herein occurred within this District, and infringing acts have taken place in Placer County, which is within this District.

///

///

Complaint for Patent Infringement

**FACTS**

8.      On or about December 3, 1991, an invention entitled "Method and Device for Producing a Surface Coating on a Surface Such as a Road" was duly and legally patented and issued under United States Patent No. 5,069,578 (the "'578 Patent") to Screg Routes et. Travaux Publics, predecessor in interest to Societe Internationale Routiere, ("S.I.R."). On or about April 16, 1999, all right, title and interest of S.I.R. in and to the '578 Patent was transferred to Soropar S.A. ("Soropar").  On or about July 12, 1999, Soropar merged into Colas S.A. ("Colas"), whereby Colas acquired all right, title and interest in and to the '578 Patent.

9.      On or about March 31, 2010, Colas assigned, transferred and conveyed all right, title and interest in and to the '578 Patent to Road Science, including the right to sue for and recover any past, present and future damages for infringement of the '578 Patent.

10.      Road Science is in the business, inter alia, of marketing surface paving technologies which derive from various asphalts, polymer modified asphalts, asphalt emulsions, and residual oils throughout the United States.  As part of its business, Road Science develops, markets, uses, offers for sale, sells and owns the rights to, certain asphalt recycling and paving technologies, techniques and processes, including, but not limited to, the NovaChip® thin-overlay process (the "NovaChip Process"), a process patented under the '578 Patent.  Prior to receiving assignment of the '578 Patent, Road Science held an exclusive license and right to market, use, sell and apply the NovaChip Process under the '578 Patent in the State of California and throughout most of the United States.

11.      By sublicense agreement, Telfer Oil previously used, offered to sell, sold and applied the NovaChip Process under the '578 Patent in the State of California.  On or about April 23, 2009, Telfer Oil's right to use, offer to sell, sell and apply the NovaChip Process terminated.

12.      Notwithstanding the termination of Telfer Oil's right to use, offer to sell, sell and apply the NovaChip Process, Telfer Oil has continued to use, offer to sell, sell and

Complaint for Patent Infringement

1  apply the NovaChip Process without authorization or approval.  Telfer Oil's unauthorized

2  use, offer for sale, sale and application of the NovaChip Process protected by the '578

3  Patent has continued despite notice of Road Science's exclusive rights in the '578 Patent.

4          13.    Telfer Oil's unauthorized use, offer for sale, sale and application of the

5  NovaChip Process under the '578 Patent constitutes a willful, knowing infringement of the

6  '578 Patent.  As general partners of Telfer Oil, Telfer Tank Lines, Telfer Enterprises and

7  Asphalt Service are liable individually, and jointly and severally along with Telfer Oil, for the

8  liability of Telfer Oil to Road Science as described herein.

9          14.    As the present owner of the '578 Patent and by virtue of its exclusive right to

10  market, use, offer to sell, sell and apply the NovaChip Process protected by the '578

11  Patent, Road Science has the right to sue for infringement of the '578 Patent and recover

12  damages for such infringement.

13                            **COUNT I**

14        **(Patent Infringement By Sale, Use and Application of Patented Process)**

15          15.    Road Science adopts and realleges the allegations of Paragraphs 1 through

16  14 of this Complaint.

17          16.    Telfer Oil has infringed, and continues to infringe, the '578 Patent by

18  marketing, selling, using and applying an asphalt paving technology, technique and/or

19  process that embodies or uses the NovaChip Process claimed in the '578 Patent or that is

20  substantially equivalent to the claimed process.  As general partners of Telfer Oil, Telfer

21  Tank Lines, Telfer Enterprises and Asphalt Service are liable individually, and jointly and

22  severally along with Telfer Oil, for the liability of Telfer Oil to Road Science.

23          17.    Telfer Oil was provided notice of, and a demand to cease, its infringement of

24  the '578 Patent.  Despite this notice, Telfer Oil has evidenced its disregard for Road

25  Science's exclusive rights with respect to the '578 Patent and manifested its intent to

26  continue its infringing activity.

27          18.    Telfer Oil's infringement of the '578 Patent is willful and deliberate, thus

28  entitling Road Science to increased damages pursuant 35 U.S.C. § 284 as well as an

Complaint for Patent Infringement

1  award of its attorneys' fees and costs incurred in prosecuting this action pursuant to 35

2  U.S.C. § 285.

3  **COUNT II**

4  **(Patent Infringement By Offer to Sell, Use and/or Apply Patented Process)**

5       19.    Road Science adopts and realleges the allegations of Paragraphs 1 through

6  18 of this Complaint.

7       20.    Telfer Oil has infringed, and continues to infringe, the '578 Patent by

8  marketing and offering to sell, use and/or apply an asphalt paving technology, technique

9  and/or process that embodies or uses the NovaChip Process claimed in the '578 Patent or

10 that is substantially equivalent to the claimed process.  As general partners of Telfer Oil,

11 Telfer Tank Lines, Telfer Enterprises and Asphalt Service are liable individually, and jointly

12 and severally along with Telfer Oil, for the liability of Telfer Oil to Road Science.

13      21.    Telfer Oil was provided notice of, and a demand to cease, its infringement of

14 the '578 Patent.  Despite this notice, Telfer Oil has evidenced its disregard for Road

15 Science's exclusive rights with respect to the '578 Patent and manifested its intent to

16 continue its infringing activity.

17      22.    Telfer Oil's infringement of the '578 Patent is willful and deliberate, thus

18 entitling Road Science to increased damages pursuant 35 U.S.C. § 284 as well as an

19 award of its attorneys' fees and costs incurred in prosecuting this action pursuant to 35

20 U.S.C. § 285.

21 **JURY TRIAL DEMAND**

22      Road Science hereby demands a jury trial as provided by Rule 38 of the Federal

23 Rules of Civil Procedure.

24 **PRAYER FOR RELIEF**

25      WHEREFORE, Road Science prays that it be granted judgment in its favor and

26 against Telfer Oil, Telfer Tank Lines, Telfer Enterprises and Asphalt Service, individually,

27 and jointly and severally, including the following relief:

28      (a)    A judgment declaring that Telfer Oil has infringed the '578 Patent;

Complaint for Patent Infringement

1    (b)    An award of actual damages in an amount to be proven at trial;

2    (c)    An enhancement of damages pursuant to 35 U.S.C. § 284;

3    (d)    An order enjoining further acts of infringement as authorized by 35 U.S.C. §

4  283;

5    (e)    An award of attorneys' fees and costs as allowed by law;

6    (f)    An award of pre-judgment and post-judgment interest; and

7    (g)    Such other relief as the Court deems just and proper.

8  Dated: April 1, 2010                    Respectfully submitted,

9                                          **SEGAL & KIRBY LLP**

10

11                                  By:    /s/ James P. Mayo
12                                         MALCOLM S. SEGAL
                                           JAMES P. MAYO

13                                         **HALL, ESTILL, HARDWICK, GABLE,**
14                                         **GOLDEN & NELSON, P.C.**

15

16                                  By:    /s/ John F. Heil, III
17                                         JOHN F. HEIL, III, *pro hac vice pending*
                                           ROBERT P. FITZ-PATRICK, *pro hac vice pending*

18                                         Attorneys for Plaintiff ROAD SCIENCE, LLC

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement