IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RE2CON, LLC, et al.,

        Plaintiffs,

    vs.

TELFER OIL CO., et al.,

        Defendants.

No. 2:10-cv-00786-KJM-KJN

ORDER

_____/

On November 21, 2012, Shilling Construction Company, Inc. ("Shilling") timely submitted an Application for Leave to File an Amicus Brief in Opposition to Plaintiffs' Motion to Vacate Claim Construction Order.  (ECF 136.)  On December 7, 2012, plaintiffs timely filed an opposition to Shilling's amicus motion.  (ECF 140.)  The court has decided the motion without a hearing.  In this order, the court GRANTS Shilling's Application (Motion) for Leave to File an Amicus Brief ("motion"), as explained below.

In the underlying pending patent infringement action, plaintiffs and defendants have reached a settlement.  (Pls.' Mot. to Vacate at 2, ECF 133.)  As part of their settlement, the parties agreed to move this court to vacate its May 15, 2012 claim construction order (ECF 112).  (*Id.*)  As agreed, plaintiffs filed their motion to vacate on November 16, 2012 (ECF 133), and

1   defendants filed a statement of non-opposition to the vacatur on November 19, 2012 (ECF 135).

2   Shilling seeks amicus status to file a brief in opposition to the motion to vacate.  Shilling is a

3   defendant in a similar case before the Eastern District of Oklahoma; that case was brought by the

4   same plaintiffs, and concerns the same patent as in the action before this court.  (ECF 136 at 2.)

5   The Oklahoma court granted Shilling's motion to stay that case pending the outcome of this

6   court's claim construction order.  (*Id.*)

7           In their opposition to Shilling's amicus motion, plaintiffs argue the court should

8   deny Shilling's motion because Shilling's brief would not aid the court in deciding the

9   underlying motion to vacate.  (ECF 140 at 2.)  Plaintiffs argue Shilling's brief would be

10  unhelpful because it addresses a standard irrelevant to the motion to vacate.  (*Id.*)  Plaintiffs aver

11  Shilling's focus on the standard articulated in *U.S. Bancorp v. Bonner Mall Partnership*, 513

12  U.S. 18, 26, 29 (1994), for vacating final judgments as an "extraordinary remedy," is irrelevant

13  because a claim construction order is interlocutory.

14          Even assuming without deciding at this point that plaintiff is correct, that

15  *Bancorp*'s standard is inapplicable to resolution of the motion to vacate, Shilling's participation

16  will assist the court in deciding the motion to vacate.  A district court has broad discretion

17  regarding the appointment of amici.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982),

18  *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Roxford Foods*

19  *Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991).  "An amicus brief should normally be allowed"

20  when, among other considerations, "the amicus has unique information or perspective that can

21  help the court beyond the help that the lawyers for the parties are able to provide."  *Cmty. Ass'n*

22  *for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash.

23  1999) (citing *Northern Sec. Co. v. United States,* 191 U.S. 555, 556 (1903)).  Here, because

24  plaintiffs' motion to vacate is unopposed by any party in this action, Shilling's brief may serve to

25  highlight any countervailing considerations with respect to the motion.  Additionally, Shilling is

26  involved in similar litigation with plaintiffs in Oklahoma that may be affected by this court's

1   ruling on the motion to vacate, and is therefore uniquely situated to provide a perspective the

2   parties before the court are unable to provide.

3             Accordingly, the court hereby GRANTS Shilling's Application for Leave to File

4   an Amicus Brief in Opposition to Plaintiffs' Motion to Vacate Claim Construction Order.

5   Shilling is directed to file on the docket its amicus brief, in the form presented on November 21,

6   2012, by the close of business on December 27, 2012.  Replies are due one week thereafter, by

7   January 3, 2013.

8   DATED:  December 14, 2012.

9

10  _____

11  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26